1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COLLEEN STEWART,                        No.  2:14-cv-0326 CKD

12              Plaintiff,

13        v.                                 ORDER

14   KEVIN CASSIDY,

15              Defendant.

16

17        Pursuant to court order, a Pretrial Conference was held before the undersigned on May 27,

18   2015.  David May appeared for plaintiff.  Michael Pazdernik appeared for defendant.  Upon

19   review of the pretrial conference statements and after hearing the discussion of counsel, the court

20   makes the following findings and orders:

21   JURISDICTION/VENUE

22        Jurisdiction is predicated upon 28 U.S.C. § 1332 and is found to be proper as is venue.

23   JURY/NON-JURY

24        Both parties have requested a trial by jury.  Eight jurors will be selected.

25   UNDISPUTED FACTS

26        1.  When in South Lake Tahoe, Colleen Stewart would, from time to time, treat with

27   dentist Kevin J. Cassidy, D.D.S.  She treated with him on and off from June 1992 through

28   December 2012.

1

2.  Starting in August of 2012 and continuing through December 2012, Dr. Cassidy performed a complete and comprehensive reconstruction of all the dentition in Colleen's mouth.

3.  As of January 8, 2013, Dr. Cassidy had charged a total of $34,642.00 for his services performing the reconstruction, and Colleen had paid a total of $29, 296.26 on account.

4.  Colleen's last clinical appointment with Dr. Cassidy was on December 28, 2012.

5.  A few days later, i.e. on January 3, 9 & 21, 2013, Colleen went to see Benjamin Franz, D.D.S., who was a new dentist in the office she had previously used, and who is located where Colleen lived, Ketchum, Idaho.  He cleaned residual cement off her teeth.  He gave her a referral to see Michael Gurney, D.D.S. on February 5, 2013.

6.  Dr. Gurney, who is located in Boise, Idaho, saw Colleen for the first time on February 11, 2013.  Dr. Gurney examined plaintiff and offered Colleen two treatment plans, one involving implants and crowns and one involving bridges and crowns.  At that time, the cost of the plan involving implants and crowns was estimated at $46,700, but did not include the cost of implants; the plan involving bridges and crowns was estimated at $40,780.

7.  Colleen also saw Craig Pulsipher, D.D.S. both before and after Dr. Cassidy's reconstruction.  Dr. Pulsipher is an endodontist located at Twin Falls, Idaho, and he performed a number of root canal treatments on Colleen.

8.  Dr. Cassidy retained an expert witness - Robert Gillis, D.M.D.  Dr. Gillis performed a defense medical exam on Colleen pursuant to formal discovery.  Dr. Gillis has recently and unexpectedly passed away, on March 16, 2015 and Dr. Cassidy has retained Theodore E. Jacobson D.D.S. to testify instead of Dr. Gillis.

9.  In March of 2014, the bridge Dr. Cassidy seated at teeth numbers 29-31 broke.  In particular, tooth 29 was "broken at the gumline, non restorable."  This bridge was less than 1½ years old.

DISPUTED FACTUAL ISSUES

1.  Whether the dental work provided by defendant fell below the standard of care.

2.  Whether the work caused harm to plaintiff.

3.  Whether plaintiff failed to mitigate her damages.

4.  Whether the harm suffered by plaintiff, if any, was caused by the negligence of third parties or plaintiff.

DISPUTED EVIDENTIARY ISSUES

Defendant anticipates filing motions in limine regarding the following:

a.  challenging the competency and qualifications of Dr. Pulsipher (an endodontist) to provide prothodontic standard of care opinions;

b.  MICRA (California Medical Insurance Comprehensive Reform Act) applicability;

c.  use of insurance information;

d.  rule of exclusion of witnesses;

e.  limitations of expert witnesses to opinions raised in their depositions;

f.  disclosure to jury regarding Dr. Gillis' death;

g.  stipulation re Dr. Gillis' death and effect on trial; and

h.  use of treatise/learned work per Fed. R. Evid. 803(18).

The parties shall file motions in limine no later than May 29, 2015; opposition, if any, shall be filed no later than June 1, 2015.  The parties shall not be permitted to bring motions in limine relative to any evidentiary issues not listed in the final pretrial order absent a showing that the issue was not reasonably foreseeable at the time of the pretrial order.

RELIEF SOUGHT

Plaintiff seeks monetary damages, both special and general damages, and costs of suit. Defendant seeks a judgment for defendant with an award of costs.

POINTS OF LAW

Trial briefs shall be filed with the court no later than June 1, 2015, with contents of the briefs compliant with Local Rule 285.  The parties shall brief the following points of law in their trial briefs:

1.  Elements, standards, and burden of proof for dental malpractice arising out of negligence.

/////

3

1    2.  Elements, standards, and burden of proof for informed consent.

2    3.  Elements, standards, and burden of proof for contributory negligence and /or

3  negligence of third parties.

4    4.  Elements, standards, and burden of proof for duty to mitigate damages.

5    ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY

6  ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT

7  BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

8  ABANDONED ISSUES

9    Defendant has abandoned the following affirmative defenses:  statute of limitations,

10  accord and satisfaction, release, res judicata, latches, unclean hands, Labor Code §§ 3601, 3602

11  (worker's compensation) and Cal. Civil Code § 47 (privileged communications), products

12  liability and user/consumer defense.

13  WITNESSES

14    Plaintiff anticipates calling several witnesses designated by defendant in his pretrial

15  statement.  In addition, plaintiff anticipates calling the following witnesses:

16    1.  Colleen Stewart

17    2.  Kevin J. Cassidy, D.D.S.

18    3.  Michael Lynn Gurney, D.D.S.

19    4.  Ben R. Franz, D.D.S.

20    5.  Craig D. Pulsipher, D.D.S.

21    6.  Robert E. Gillis, D.M.D. (deceased) via deposition

22    7.  Theodore E. Jacobson, D.D.S.

23  Defendant anticipates calling the following witnesses:

24    1.  Colleen Stewart

25    2.  Ben Franz, D.D.S.

26    3.  Michael Gurney, D.D.S., M.Ss

27    4.  Craig Pulsipher, D.D.S.

28    5.  Daniel C. Martin, D.D.S.

4

6.  Kevin J. Cassidy, D.D.S.

7.  Mark A. Crane, D.D.S., M.D.

8.  Robert E. Gillis, D.M.D. (deceased) via deposition

9.  Elizabeth Ferguson

10.  Shawn Jaramillo

11.  Brian Galbraith, D.D.S.

12.  Theodore Jacobson, D.D.S.

13.  Maria Reyes, M.D.

14.  Daniel Reeves, D.D.S.

15.  Jay Kaplan, D.D.S.

16.  Rafeal Gamboa, D.D.S.

17.  James W. Hodge, D.D.S.

18.  Martin Chin, D.D.S.

19.  Paul Romriell, D.M.D.

20.  Mathew Kurian, B.Sc. M.B.B.S.

Each party may call a witness designated by the other.

A.  No other witnesses will be permitted to testify unless:

(1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the Pretrial Conference, or

(2)  The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B" below.

B.  Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)  The witnesses could not reasonably have been discovered prior to Pretrial;

(2)  The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3)  If time permitted, counsel proffered the witnesses for deposition; and

(4)  If time did not permit, a reasonable summary of the witnesses' testimony was provided opposing counsel.

EXHIBITS, SCHEDULES AND SUMMARIES

At present, plaintiff contemplates the following by way of exhibits:

Dr. Cassidy bills

Dr. Cassidy Patient History/Information from 1992-2011

Dr. Cassidy Treatment records from 2011-2013

Dr. Cassidy's Proposed Treatment Estimates

Dr. Cassidy Photographs

Correspondence between Dr. Cassidy and Colleen Stewart

Dr. Cassidy x-rays

Dr. Franz records and x-rays

Dr. Franz bills

Dr. Pulsipher records and x-rays

Dr. Pulsipher bills

Dr. Gurney records and x-rays

Dr. Gurney bills

Dr. Gurney CV

Dr. Gurney Report

Out-of-pocket expenses - summary and bills

Dr. Martin x-rays

Dr. Cassidy x-ray films 12-21-12

At present, defendant contemplates the following by way of exhibits:

Progress Notes -- Dr. Cassidy

Patient History and Information -- Dr. Cassidy

Treatment Plans -- Dr. Cassidy

Remaining Docs -- Chart -- Dr. Cassidy

1    Perapical X-rays dated 12-21-12

2    Office Chart of Craig Pulsipher, DDS

3    Box of Models/Casts/other Physical Items -- Dr. Cassidy

4    Office Chart -- Benjamin Robert Franz, DDS

5    Documents -- Robert E. Gillis, D.M.D.

6    Documents -- Michael Gurney, DDS

7    Records of Dr. Brian Galbraith

8    Financial treatment Records -- Dr. Cassidy

9    Photos -- Dr. Cassidy-separately listed below

10   Photo -- 29 year old plaintiff

11   Photo --  Cast of upper arch with picture

12   P.  Picture of Upper Preps w/shade

13   8/21/12 pictures -- Panel of 4 Pre- Op

14   12/21/12 --Digital Panel of 6

15   9/19/12 -- Panel of 4

16   8/24/12—Front view-lips widened

17   7/10/02 -- Panel of 5

18   7/10/02 -- Panel of 2

19   Panel of four with notes

20   10/29/12 -- "She said it hurts"

21   Undated photo of Bridge

22   Photos of Lower Lip

23   Custom Photo array

24   Dr. Cassidy – FMX 8/12

25   Documents – Daniel C. Martin, DDS

26   Photos -- Dr. Gurney-listed in order produced by Dr. Gurney at deposition

27   Periapical-upper lingual

28   Bite Wing right

| 1 | Bite Wing right |
|---|---|
| 2 | Periapical lower lingual |
| 3 | Periapical-lower left bridge lingual |
| 4 | Periapical-upper right post |
| 5 | Periapical-upper right post-medial |
| 6 | Periapical-upper left lingual |
| 7 | Bite wing left |
| 8 | Bite wing left distal |
| 9 | Periapical-lower ling beg of bridge |
| 10 | Periapical lower right bridge |
| 11 | Periapical-no. 31 |
| 12 | Periapical lower right bridge buccal |
| 13 | Periapical- no. 31 buccal |
| 14 | Periapical-no 15 buccal |
| 15 | Periapical-12-15 buccal |
| 16 | Periapical 11-13 buccal |
| 17 | Debonded crown-horizontal view |
| 18 | Debonded crown-vertical left view |
| 19 | Debonded crown vertical right |
| 20 | Debonded crown-laying down towards rear |
| 21 | Debonded crown-laying down open left |
| 22 | Debonded crown-crown prep |
| 23 | Debonded bridge-open view |
| 24 | Debonded bridge occlusal view |
| 25 | Tooth 29 |
| 26 | Facial |
| 27 | Frontal lowers |
| 28 | Frontal upper and lower natural open |

1    Frontal upper and lower widened

2    Frontal upper and lower widened

3    Frontal upper and lower widened

4    Frontal upper and lower widened

5    Upper occlusal

6    Lower occlusal

7    Left side closed and widened

8    Right side closed and widened

9    Demonstrative diagram-tooth and crown anatomy

10    Due to the substantial overlap between the parties' exhibits, the parties are directed to

11   meet and confer and prepare a joint exhibit list, to be numbered consecutively, preceded by a "J-."

12   Any exhibits contemplated by plaintiff which are not included in defendant's list shall be

13   numbered consecutively, preceded by a "P-."  Any exhibits contemplated by defendant which are

14   not included in plaintiff's list shall be designated alphabetically, preceded by a "D-."[1]  All multi-

15   page exhibits shall be stapled or otherwise fastened together and each page within the exhibit

16   should be numbered.  The parties shall submit, no later than June 1, 2015, the exhibit list and the

17   original exhibits contemplated by the parties (plus three copies for use by the judge and court

18   personnel).  The exhibits should be clearly identified by number, letter, and page numbers as

19   described above.  The Court's copies of the exhibits shall be presented in a 3-ring binder(s) with a

20   side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three

21   inches in width and have an identification label on the front and side panels.

22    A.  No other exhibits will be permitted to be introduced unless:

23    (1)  The party proffering the exhibit demonstrates that the exhibit is for the

24   purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial

25   Conference, or

26   /////

27

28   ---
[1]  After three letters, note the number of letters in parentheses (i.e., "D-AAA(4)") to reduce
confusion during trial.

(2)   The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered prior to Pretrial;

(2)   The court and counsel were promptly informed of their existence; and

(3)   Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.  If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, any objection shall be filed no later than June 1, 2015.  In making said objection, the party is to set forth the grounds for the objection.  The attorney for each party is directed to appear before and present an original and one (1) copy of said exhibit to the undersigned's courtroom deputy, not later than 8:30 a.m. on the date set for trial.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.  Each exhibit which is objected to will be marked for identification only.

DISCOVERY DOCUMENTS

Plaintiff intends to read the deposition of Robert Gillis, D.M.D., deceased, into the record. Plaintiff also intends to use the depositions of various witnesses for impeachment purposes, as does defendant, and also for purposes of refreshing recollection.  Defendant intends to use plaintiff's responses to requests for production of documents, set one and plaintiff's answers to special interrogatories, set one.

FURTHER DISCOVERY OR MOTIONS

Pursuant to the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  While the parties may stipulate to modification of that order, any such agreement will not necessarily be enforceable in this court.

/////

STIPULATIONS

The parties have stipulated to a jury trial before the Magistrate Judge.

The parties have stipulated that the $250,000 cap on pain and suffering under MICRA shall not be disclosed to the jury.  The parties have agreed to use of a demonstrative exhibit showing the normal dentition of an adult human.  The parties have stipulated that in lieu of plaintiff undergoing another defense dental examination, plaintiff will not cross-examine the replacement for defense retained expert Dr. Gillis, i.e. Theodore Jacobson, D.D.S. on the issue of not having done a physical examination.

No later than May 29, 2015, the parties will submit a stipulation regarding the amount of special damages claimed by plaintiff.  No further stipulations are anticipated.

AMENDMENTS/DISMISSALS

The complaint is amended to reflect that plaintiff received treatment from defendant through the end of 2012.

No other amendments or dismissals are anticipated.

FURTHER TRIAL PREPARATION

A.  It is the duty of counsel to ensure that any deposition which is to be used at trial has been filed with the Clerk of the Court.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition or imposition of such other sanctions as the court deems appropriate.

B.  The parties are ordered to file with the court and exchange between themselves not later June 1, 2015 a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C.  The parties are ordered to file with the court and exchange between themselves not later than June 1, 2015 the answers to interrogatories or responses to requests for production of documents which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

/////

/////

SETTLEMENT NEGOTIATIONS

The parties have participated in private mediation and a court supervised settlement conference.  Defendant has propounded a Rule 68 offer; plaintiff has propounded an offer to compromise under California Code of Civil Procedure § 998.  In the event that plaintiff prevails at trial in the circumstances provided under section 998, plaintiff shall be limited to a $40 per day expert witness fee.  See First Nat. Mortg. Co. v. Federal Realty Inv. Trust, 631 F.3d 1058, 1070-71 (9th Cir. 2011).

AGREED STATEMENTS

The following statement will be read to the jury panel prior to selection of the jury:

> This is a dental malpractice case.  By her complaint, plaintiff Colleen Stewart alleges that defendant Kevin Cassidy, D.D.S. of South Lake Tahoe, California, improperly provided her with crowns and bridges throughout her mouth, causing her both physical and mental injury and monetary damages.  Dr. Cassidy denies these allegations and alleges that everything he did was appropriate and nothing he did or did not do caused plaintiff any injury/damage.

SEPARATE TRIAL OF ISSUES

No separate trial of issues appears feasible or advisable.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

A court appointed impartial expert is not necessary.

ATTORNEYS' FEES

There is no provision for attorneys' fees applicable to this action.

MISCELLANEOUS

There are no miscellaneous matters.

ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is set for June 8, 2015 at 9:00 a.m., in courtroom no. 24.  The parties represent in good faith that the trial will take approximately five to six days.  Thus, the court intends to reserve a total of six days for presentation of evidence and argument in court.

/////

/////

1   PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

2          The parties shall file proposed voir dire, proposed jury instructions, and proposed special

3   verdict forms, if any, not later than June 1, 2015.

4   OBJECTIONS TO PRETRIAL ORDER

5          Any objections to this Pretrial Order (Tentative) shall be filed no later than June 1, 2015.

6   If no objections or additions are made, the Tentative Pretrial Order will become final without

7   further order of the court.

8          The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(e), this order

9   shall control the subsequent course of this action and shall be modified only to prevent manifest

10  injustice.

11  OTHER

12         All time limits and dates that refer to the Pretrial Order refer to the date this Pretrial Order

13  (Tentative) is filed and not the date an amended order, if any, is filed.

14         IT IS SO ORDERED.

15  Dated:  May 28, 2015

16                                                       _____
                                                         CAROLYN K. DELANEY
17                                                       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

                                                    13